Ivan R. Novich (N.J. Bar No. 038311996)
Christie Pazdzierski, Esq. (NJ Bar No. 110522014)
**LITTLER MENDELSON, P.C.**
One Newark Center – 8th Floor
Newark, New Jersey 07102
973.848.4700
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMELO RODRIGUEZ, <br><br>　　　　　Plaintiff, <br><br> vs. <br><br> CRH AMERICAS, INC., and TILCON NEW YORK, INC. <br><br>　　　　　Defendants. | Civil Action No.  2:21-cv-1332 <br><br> **NOTICE OF REMOVAL** <br><br> *Electronically Filed* |

**TO:     THE CLERK AND THE HONORABLE JUDGES
OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

Defendants CRH Americas, Inc. and Tilcon New York, Inc., by and through their undersigned counsel of record, Littler Mendelson, P.C., file this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey from the New Jersey Superior Court, Law Division, Morris County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and state:

### STATE COURT ACTION

1.      Plaintiff Carmelo Rodriguez ("Plaintiff") commenced this action on December 29, 2020 by filing a Complaint in the Superior Court of New Jersey, Law Division, Morris County, captioned *Carmelo Rodriguez v. CRH Americas, Inc., et al.*, bearing Docket No. MRS-L-2687-20

("the State Court Action").  The State Court Action is now pending in that court.  Attached as **Exhibit A** is a copy of Plaintiff's Complaint.

2.       On December 30, 2020, Defendants accepted service of the Complaint.   Attached as **Exhibit B** is a copy of the acknowledgement of service.

3.       The above documents constitute all "process, pleadings and orders" served upon or sent to Defendants in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

4.       This Notice of Removal is timely filed within 30 days of December 30, 2020, the date on which service was effectuated, as required by 28 U.S.C. § 1446(b).

5.       This Notice of Removal is also filed within one year of the commencement of the State Court Action and therefore is timely under 28 U.S.C. § 1446(c)(l).

## GROUNDS FOR REMOVAL

6.       Defendants remove this action based on federal question jurisdiction under 28 U.S.C. §1441(a).  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*.

7.       This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

## FEDERAL QUESTION JURISDICTION

8.       The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may therefore be properly removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446 in that it arises under federal law and presents a federal question, namely whether Defendants violated the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*.  *See* Ex. A, at ¶¶35-39.

9.      Additionally, federal courts may exercise supplemental jurisdiction over state law claims if they "form part of the same case or controversy" as claims that are properly within the jurisdiction of the federal court. *See* 28 U.S.C. §1367(a). Supplemental jurisdiction over Plaintiff's state law claims is proper because Plaintiff's claims for violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq.* are related to Plaintiff's federal claim as it is part of the same case or controversy under Article III of the United States Constitution and because no novel or complex issue of state law predominates. *See* 28 U.S.C. §§ 1441(c) and 1367.

10.      Thus, because the Plaintiff brings an action arising under the laws of the United States, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is therefore removable to this Court pursuant to 28 U.S.C. §1441(a).

## VENUE

11.      The United States District Court for the District of New Jersey is the District Court of the United States within which Plaintiff's State Court Action is currently pending.

12.      This Notice of Removal has been filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 110, 1441(a) and 1446(a).

## NOTICE TO PLAINTIFF

13.      Upon filing of the Notice of Removal, Defendants also gave written notice thereof to counsel for Plaintiff, Carmelo Rodriguez, Arthur L. Raynes, Esq., Wiley Malehorn Sirota & Raynes, 250 Madison Avenue, Morristown, New Jersey 07960, pursuant to 28 U.S.C. § 1446(a).

14.      By filing the Notice of Removal, Defendants do not waive any objections as to service, jurisdiction, or venue, or any other defenses available at law, in equity or otherwise. Defendants intend no admission of fact or law by this Notice and expressly reserve all defenses and motions.

15.     If the Court should be inclined to remand this action, Defendants request that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendants an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

16.     As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

17.     Defendants respectfully request that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, Defendants respectfully request that the foregoing action be removed from the Superior Court of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendants


Dated: January 28, 2021


*/s/Christie A. Pazdzierski*
Ivan R. Novich
Christie A. Pazdzierski

# EXHIBIT A

WILEY MALEHORN SIROTA & RAYNES
Arthur L. Raynes, Esq.
Attorney ID No.: 002421981
250 Madison Avenue
Morristown, New Jersey 07960
(973) 539-1313
Attorneys for Plaintiff, Carmelo Rodriguez

| | | |
|---|---|---|
| | : | SUPERIOR COURT OF NEW JERSEY |
| CARMELO RODRIGUEZ, | : | MORRIS COUNTY |
| | : | LAW DIVISION, CIVIL PART |
| Plaintiff, | : | DOCKET NO.: MRS-L- |
| | : | |
| v. | : | |
| | : | Civil Action |
| CRH AMERICAS, INC., and TILCON | : | |
| NEW YORK, INC. | : | |
| | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

Plaintiff, Carmelo Rodriguez, by way of Complaint against Defendants, CRH Americas,

Inc. ("CRH"), and Tilcon New York, Inc. ("Tilcon"), says:

## THE PARTIES

1.      Plaintiff, Carmelo Rodriguez, is a resident of New Jersey, residing in Washington,

New Jersey.

2.      Defendant, CRH, upon information and belief, is a Georgia corporation with its

headquarters located at 900 Ashwood Parkway, Suite 800, Atlanta, Georgia 30338.

3.      Defendant, Tilcon, upon information and belief, is a New Jersey corporation with

its headquarters located at 9 Entin Road, Parsippany-Troy Hills, New Jersey 07054.

## ALLEGATIONS COMMON TO ALL COUNTS

4.      The Defendants are interrelated companies and acted as a "joint employer"

regarding Plaintiff's employment.

5.      Plaintiff was sixty years old and eleven months at the time of his termination from Defendants.

6.      During his twenty-one year career with Defendants, Plaintiff worked as a warehouse and purchasing manager.

7.      In February of 2020, Plaintiff suffered from a stroke.

8.      Due to his stroke, Plaintiff was forced to take time off under the Family Medical Leave Act and required extensive physical therapy.

9.      Plaintiff was terminated without notice and without severance on or about September 1, 2020 soon after his return from leave.

10.     Despite twenty-one years of loyal service to Defendants, Plaintiff was terminated under the pretense that Plaintiff worked from home without authorization.

11.     In fact, Plaintiff worked from home as an accommodation for his disability and with the full knowledge of everyone with whom he dealt at Tilcon.

## FIRST COUNT

12.     Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

13.     At all times herein, Plaintiff was an "employee" and Defendants were an "employer" pursuant to the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, et seq.

14.     The LAD makes it illegal for an employer to discriminate against an employee because of his age.

15.     Plaintiff's age was a legal cause of his termination.

2

16.    As a direct and proximate result of Defendants' wrongful actions, Plaintiff has lost benefits to which he is entitled, and has suffered severe emotional distress, pain and suffering, humiliation, embarrassment, loss of income, and other financial losses.

17.    Defendants' actions were intentional, reckless, wanton, willful, and malicious such that punitive damages are justified.

**WHEREFORE,** Plaintiff demands judgment against Defendants for:

- Compensatory and punitive damages;

- Interest;

- Costs of suit;

- Attorneys' fees; and

- Such other and further relief as the Court shall deem fair and equitable.

## SECOND COUNT

18.    Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

19.    The LAD makes it illegal for an employer to discriminate against an employee because of his disability.

20.    Plaintiff's disability was a legal cause of his termination.

21.    The aforementioned conduct of Defendants constitutes discrimination on the basis of disability in violation of the LAD.

22.    As a direct and proximate result of Defendants' wrongful actions, Plaintiff has suffered severe emotional distress, pain and suffering, humiliation, embarrassment, loss of income, and other severe financial losses.

3

23.     Defendants' actions were reckless, wanton, willful, and malicious such that punitive damages are justified.

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

- Compensatory and punitive damages;

- Interest according to law;

- Attorneys' fees;

- Costs of suit; and

- Such other and further relief as the Court deems just and proper.

## THIRD COUNT

24.     Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

25.     The LAD makes it illegal for an employer to retaliate against an employee for engaging in the protected activity of taking disability leave and/or medical leave.

26.     Plaintiff taking time off from work to rehab after his stroke was a legal cause of his termination.

27.     As a direct and proximate result of Defendants' wrongful actions, Plaintiff has lost benefits to which he is entitled, and has suffered severe emotional distress, pain and suffering, humiliation, embarrassment, loss of income, and other financial losses.

28.     Defendants' actions were intentional, reckless, wanton, willful, and malicious such that punitive damages are justified.

**WHEREFORE,** Plaintiff demands judgment against Defendants for:

- Compensatory and punitive damages;

- Interest;

4

- Costs of suit;

- Attorneys' fees; and

- Such other and further relief as the Court shall deem fair and equitable.

## FOURTH COUNT

29. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

30. Plaintiff advised Defendants of his disability/medical condition and requested reasonable accommodation.

31. Defendants failed to engage in the interactive process and failed to accommodate Plaintiff.  Defendants then terminated him.

32. The foregoing facts and circumstances demonstrate that Defendants have violated the LAD.

33. As a direct and proximate result of Defendants' wrongful actions, Plaintiff has lost benefits to which he is entitled, and has suffered severe emotional distress, pain and suffering, humiliation, embarrassment, loss of income, and other financial losses.

34. Defendants' actions were intentional, reckless, wanton, willful, and malicious such that punitive damages are justified.

**WHEREFORE,** Plaintiff demands judgment against Defendants for:

- Compensatory and punitive damages;

- Interest;

- Costs of suit;

- Attorneys' fees; and

5

- Such other and further relief as the Court shall deem fair and equitable.

## FIFTH COUNT

35.     Plaintiff realleges and incorporate herein the paragraphs set forth in this

Complaint.

36.     The Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. (the "FMLA") makes it

illegal for an employer to retaliate against an employee for taking leave under the FMLA.

37.     The leave Plaintiff took under the FMLA was a legal cause of his termination.

38.     As a direct and proximate result of Defendants' wrongful actions, Plaintiff has

lost benefits to which he is entitled, and has suffered severe emotional distress, pain and

suffering, humiliation, embarrassment, loss of income, and other financial losses.

39.     Defendants' actions were intentional, reckless, wanton, willful, and malicious

such that punitive damages are justified.

**WHEREFORE,** Plaintiff demands judgment against Defendants for:

- Compensatory and punitive damages;

- Interest;

- Costs of suit;

- Attorneys' fees; and

- Such other and further relief as the Court shall deem fair and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Arthur L. Raynes is hereby designated as trial counsel.

## **DEMAND FOR DISCOVERY OF INSURANCE COVERAGE**

Pursuant to <u>R.</u> 4:10-2(b), demand is made that Defendants disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets.  This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that to the best of my knowledge and belief the within matter in controversy is

not the subject of any other action pending in any court or of a pending arbitration proceeding,

that no other action or arbitration proceeding is contemplated, and that no other parties should be

joined in this action.

> Wiley Malehorn Sirota & Raynes
> Attorneys for Plaintiff,
> Carmelo Rodriguez
>
>
> By:     /s/Arthur L. Raynes
>            Arthur L. Raynes

Dated: December 29, 2020

8

# EXHIBIT B

WILEY MALEHORN SIROTA & RAYNES
Arthur L. Raynes, Esq.
Attorney ID No.: 002421981
250 Madison Avenue
Morristown, New Jersey 07960
(973) 539-1313
Attorneys for Plaintiff, Carmelo Rodriguez

| | | |
|---|---|---|
| _____ : | | |
| CARMELO RODRIGUEZ, : | | SUPERIOR COURT OF NEW JERSEY |
| : | | MORRIS COUNTY |
| : | | LAW DIVISION, CIVIL PART |
| Plaintiff, : | | DOCKET NO.: MRS-L-2687-20 |
| : | | |
| v. : | | |
| : | | Civil Action |
| : | | |
| CRH AMERICAS, INC., and TILCON : | | |
| NEW YORK, INC. : | | |
| : | | **COMPLAINT AND JURY DEMAND** |
| Defendants. : | | |
| : | | |
| _____ : | | |

Ivan R. Novich, Esq., acknowledges this 30th day of December 2020, receipt of the filed

Complaint on behalf of Defendants, CRH Americas, Inc. and Tilcon New York, Inc.


Littler Mendelson P.C.



By: *Ivan R. Novich*
        Ivan R. Novich, Esq.